## SHAW et al. v. HAYS.

## ROCKWELL et al. v. SAME.

### No. 2678.　Decided August 7, 1915 (151 Pac. 337).

DOWER—AWARD OF TITLE IN FEE—DECREE—SUFFICIENCY. Where
a widow entitled under Comp. Laws 1876, Sec. 703, to a life in-
terest in one-fourth of her husband's estate, agreed to receive
certain property in lieu of that interest, and the agreement was
approved by the commissioner appointed to make partition, and
his report was confirmed by the decree of distribution, the widow
took the property in fee, and her grantee could hold it free from
the claims of other heirs.

Appeal from District Court, Third District; *Hon. George
G. Armstrong,* Judge.

Actions to quiet title by Sarah Shaw and others, and by
Elizabeth Rockwell and others, against Stephen Hays.

Judgments for defendant. Plaintiffs appeal.

AFFIRMED.

*Stringfellow & Whitaker,* for appellants.

*Booth, Lee, Badger & Rich,* for respondent.

STRAUP, C. J.

These are actions to quiet title to real estate in Salt Lake
City. Both plaintiffs and the defendant claim title. The
court found in favor of the defendant and quieted the title
in him. The plaintiffs appeal. It is agreed that one Orin
P. Rockwell, in his lifetime, was the owner of the property.
He died intestate in 1878 and left surviving him a widow and
twelve children. His estate was administered and the prop-
erty distributed in 1880 or 1881. The estate consisted of a
large number of horses, some cattle, other personal property,
mining properties, ranches, the real estate in question, and

other real estate. The estate was valued at about $70,000. About $27,000 was distributed in payment of debts and family maintenance. The estate left for distribution amounted to about $40,000. Under the statute of succession then in force, the deceased's estate went, one-fourth to the surviving wife for life, and the remainder with the other three-fourths to the children. Under the distribution the property in question was assigned and distributed to the widow. She, in 1899, by warranty deed, conveyed it to the defendant. From 1881 to 1899, she, and from thence on the defendant was in the exclusive possession of it. Its value at the time of the distribution was about $2,000. She sold it to the defendant for $5,397, who placed valuable improvements thereon consisting of two apartment houses of the value of about $15,000.

One contention made is that the widow was granted but a life estate in the property, and hence, when she conveyed, that was all the title she had and was all the defendant got, though her deed from her to him was a conveyance and warranty of the fee. The defendant contends that in the distribution she was given the fee, and hence, when he purchased from her, he himself got the fee. If this point be held against the plaintiffs, the heirs of Orin P. Rockwell, we need look no further as to alleged estoppels, adverse possession, statute of limitations, and other defenses invoked against the plaintiffs. That the property was distributed to the widow is conceded. Whether the distribution gave her a life estate, or the fee, is what divides the parties. As to that, the court found, and the probate records of the estate show, that on proper application for partition and distribution, and upon notice to all concerned, the court appointed a commissioner to partition and distribute the property. The commissioner reported the following property of the estate subject to partition and distribution: 754 head of horses, valued at $18,850; fourteen mules, $420; forty head of cattle, $480; Copper Star mine, valued at $10,000; Red Bird mine, $5,000; one-half of a lot in Salt Lake City, $500; the property in question, one-third of lot 5, block 68, Plat A, Salt Lake City survey, valued at $2,000; the Faust ranch, and 160 acres, $5,000; the Fletcher

ranch, $2,000; a summer ranch, $1,000; and a winter ranch, $500.

The commissioner further reported:

"That upon examination of all the property your commissioner is of the opinion that the real property described as the south one-third of lot 5 in block 68, Plat A, Salt Lake City survey (the property in question), cannot be divided for the reason that it is so small a piece of land it would be valueless cut up into as many pieces as there are heirs at law. That, on consulting with all the heirs and said widow, the whole of the said children of said intestate that are of lawful age and the guardians of those that are minors declined to take or accept the said piece of land and pay the others their respective proportions therefor. That said Christine Rockwell, widow of deceased, has agreed with all the heirs that are of age, and the assignees and guardians of those that are minors, to accept said piece of real property at the price of $2,000, and pay the other interested parties therefor by relinquishing her interest otherwise in a homestead as provided by sections 114, 115, 116, 117 of the Probate Act, inclusive, and of her interest, to one-fourth of all the property of said intestate, as provided by section 703 of the Compiled Laws of Utah (1876), which said interests so relinquished shall be equally divided among the said children of said intestate, twelve in number, or their assigns. That the value of said property so relinquished, aside from the widow's homestead right, is of at least the value of $2,000. That all of said heirs that are of age and their assigns, and the guardians of those that are minors (naming them), have agreed to accept said widow's one-fourth interest and her interest in the exempted property in full payment of their respective and aggregate shares of said heirs of said real property. That the sum so paid by said widow, without including her homestead interest which she in consideration thereof expressly waives, is full compensation for said real property. That said real property cannot be divided without prejudice to the owners.

"Wherefore your commissioner recommends that said real property, viz.: the south one-third of lot 5, block 68, Plat A, Salt Lake City survey, be assigned to said Christine Rockwell,

widow of deceased, as her full share as such widow in said estate, and that her one-fourth interest in said estate and all her interest in the exempted property be divided equally among said children or their assigns as follows''—naming them, giving each a one-twelfth of all of her interest in all of the property of the estate except the property assigned to her and here in question.

The probate court adopted the commissioner's report, confirmed it, and distributed and assigned the real property in question to the widow.

The findings further read:

''That after the filing of said report of said commissioner and the order and decree confirming the same had been entered, the said estate of the said Orin P. Rockwell, deceased, other than the south one-third of lot 5, block 68, Plat A, Salt Lake City survey (the property in question), was divided equally among the said heirs of the said Orin P. Rockwell, or their assigns, heretofore mentioned, other than said widow, free and clear of any claim for life estate therein by the said Christine Rockwell, widow, and the said heirs and their assigns took all of said property of said estate, other than said one-third of lot 5, block 68, Plat A, Salt Lake City survey, and dealt with and disposed of the same free and clear of any life estate on the part of said Christine Rockwell, widow, and without taking into account any life estate, free and clear from any life interest therein, and as their own individual property partitioned, divided, distributed, and set apart to them as the said heirs of said Orin P. Rockwell, other than said widow, and their assigns by the report of said commissioner and the decree confirming the same.''

These findings are in accordance with the probate records, and are not assailed. From them it is clear that the widow was awarded not merely a life estate in the property in question, but all the interest therein of all the heirs of Orin P. Rockwell, deceased, in consideration of her relinquishing, as she did, all her interest in all other property of the estate. On partition and distribution, the statute contemplates and authorizes one distributee to acquire in particular property the interests of all other distributees. When he does, he

thereby acquires all the title the deceased possessed just as much as though all the heirs and those on whom the title descended had conveyed to such distributee or person by deed. We think that title, by the probate proceedings and by the decree of the probate court was awarded and granted to the widow. Any other view renders meaningless the commissioner's report, the court's confirmation of it, and the decree based upon it. Since the widow had title, then does it follow that the defendant has title.

Thus the judgment is right. Let it be affirmed, with costs.

FRICK and McCARTY, JJ., concur.